UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

# Two (2) Cases

RECEIVED
CLERK OF COURT
2005 APR -5 P 2: 50
DIST...

| | |
|---|---|
| Donald Boland, Dellann Boland, and Doe 1-10, | C/A No. 9:04-22931-18BG |
| Plaintiffs, | |
| vs. | Report and Recommendation |
| J. Wiley Dickerson, MD;<br>Beaufort Memorial Hospital,<br>South Carolina Department of Social Services;<br>South Carolina Department of Mental Health;<br>State of South Carolina; and<br>Does 1-100, | |
| Defendants. | |

| | |
|---|---|
| Donald Boland, and Dellann Boland, | C/A No. 2:04-22757-18BG |
| Plaintiffs, | |
| vs. | Report and Recommendation |
| College of Charleston;<br>MUSC;<br>G. Weber Bryan Hospital; and<br>State of South Carolina, | |
| Defendants. | |

# *Background of these Two (2) Cases*

In orders filed in both above-captioned cases (November 19, 2004, in Civil

1

Action No. 9:04-22931-18BG; and November 10, 2004, in Civil Action No. 2:04-22757-18BG), the undersigned directed the plaintiffs to submit summonses within twenty (20) days. The plaintiffs have not done so in either of the two above-captioned cases.

On December 2, 2004, the plaintiffs, in an *ex parte* motion filed in both cases, sought an extension of time for one year to serve the defendants. The undersigned denied that motion in an order filed in both cases on December 3, 2004.

In a combined order filed in both above-captioned cases on January 4, 2005, the undersigned apprised the plaintiffs that Rule 4(m) [formerly Rule 4(j)] of the Federal Rules of Civil Procedure provides that unless a defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action without prejudice as to that particular defendant. The order of January 4, 2005, is quoted herein:

> In orders filed in both above-captioned cases (November 19, 2004, in Civil Action No. 9:04-22931-18BG; and November 10, 2004, in Civil Action No. 2:04-22757-18BG), the undersigned directed the plaintiffs to submit summonses within twenty (20) days. The plaintiffs have not done so in either of the two above-captioned cases.
>
> 
>
> On December 2, 2004, the plaintiffs, in an *ex parte* motion filed in both cases, sought an extension of time for one year to serve the defendants. The undersigned denied that motion in an order filed in both cases on December 3, 2004.
>
> The plaintiffs are, hereby, apprised that Rule 4(m) [formerly Rule

2

4(j)] of the Federal Rules of Civil Procedure provides that unless a defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action without prejudice as to that particular defendant. **If service of process is not accomplished in either of the two above-captioned cases within one hundred twenty (120) days of the filing date, the undersigned will recommend dismissal of the particular case without prejudice for failure of service.** Hence, the plaintiffs should submit the summonses.

Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if the defendants are not served within 120 days. *See, e.g.*, Mendez v. Elliott, 45 F.3d 75, 78-80, 1995 U.S.App. LEXIS® 1432 (4th Cir. 1995)(collecting cases); * * * Epstein v. White, 1991 U.S.Dist. LEXIS® 14888, 1991 WESTLAW® 214152 (N.D.Ill., October 18, 1991), *reconsideration denied*, Epstein v. Frye, 1992 U.S.Dist. LEXIS® 13574, 1992 WESTLAW® 225566 (N.D.Ill., September 8, 1992); and *cf.* Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 1991 U.S.App. LEXIS® 13888 (7th Cir. 1991).

Each plaintiff is a *pro se* litigant. Each plaintiff's attention is directed to the following notice:

### TO EACH PLAINTIFF:

You are ordered to always keep the Clerk of Court advised in writing **(Post Office Box 835, Charleston, South Carolina 29402)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before these two cases are ended, you must comply with this order by immediately advising the Clerk of

> Court in writing of such change of address **and by providing the Clerk's Office with the docket numbers of all pending cases you have filed with this court.** Your failure to do so will not be excused by the court.
>
> Put this order with your own record of these two cases so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.
>
> Each plaintiff is, hereby, informed that if his or her address changes in the future, he or she must provide *his or her* own address. Hence, the Office of the Clerk of Court shall not enter any change of address submitted by a plaintiff which directs that mail be sent to a person other than the plaintiff (unless, of course, that person is an attorney admitted to practice before this court who has entered a formal appearance).

(Standard change of address order, which is issued in all *pro se* cases in the District of South Carolina). * * * For each plaintiff's future reference, if a plaintiff wants copies (of items that he or she files with the Clerk of Court) returned to him or her, he or she (a plaintiff) must provide the copies and a self-addressed envelope with sufficient postage attached to the envelope.

(Order of January 4, 2005, at pages 1-4 [two footnotes omitted from quotation]).

# *Discussion*

Rule 4(m) [formerly Rule 4(j)] of the Federal Rules of Civil Procedure provides that unless a particular defendant is served within 120 days after the complaint is

filed, this court is required to dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if the defendants are not served within 120 days. *See, e.g.*, Mendez v. Elliott, 45 F.3d 75, 78-80, 1995 U.S.App. LEXIS® 1432 (4th Cir. 1995)(collecting cases); Epstein v. White, 1991 U.S.Dist. LEXIS® 14888, 1991 WESTLAW® 214152 (N.D.Ill., October 18, 1991), *reconsideration denied*, Epstein v. Frye, 1992 U.S.Dist. LEXIS® 13574, 1992 WESTLAW® 225566 (N.D.Ill., September 8, 1992); and *cf.* Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 1991 U.S.App. LEXIS® 13888 (7th Cir. 1991).

Other courts were not kindly disposed to the holding in Mendez v. Elliott. In Hammad v. Tate Access Floors, Inc., 31 F.Supp.2d 524, 526, 1999 U.S.Dist. LEXIS® 56 (D. Md. 1999)("While the court acknowledges that it is not free to ignore valid Fourth Circuit precedent merely because the overwhelming weight of circuit court authority is to the contrary, . . . the court believes that the continued vitality of Mendez is seriously in doubt."), the district court concluded that Mendez v. Elliott was superannuated by Henderson v. United States, 517 U.S. 654, 658 n. 5, 1996 U.S. LEXIS® 3243 (1996), and that the United States Court of Appeals for the Fourth Circuit, if given the chance, would overrule Mendez v. Elliott. *See also* AIG

5

Managed Market Neutral Fund v. Askin Capital Management, L.P., 197 F.R.D. 104, 2000 U.S.Dist. LEXIS®14437 (S.D.N.Y. 2000); and Melton v. TYCO Valves & Controls, Inc., 211 F.R.D. 288, 289-290, 2002 U.S.Dist. LEXIS® 24348 (D. Md. 2002)("Based on the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process and on the other circuit courts' unanimous rejection of the *Mendez* court's position, this Court believes that the continued vitality of *Mendez* is seriously in doubt. *Hammad*, 31 F.Supp.2d at 527."). Notwithstanding questions relating to the continued vitality of the holding in Mendez, dismissal is appropriate because over one hundred fifty (150) days, not merely on hundred twenty (120) days, have passed since the filing dates of the complaints in both above-captioned cases.

Moreover, the language in the order of January 4, 2005, appeared in fourteen-point font. As a result, the language in the order of January 4, 2005, was conspicuous and straightforward because of the fonts used. See Taliaferro v. Associates Corp. of North America, 112 F.Supp.2d 483, 1999 U.S.Dist. LEXIS® 22504 (D.S.C. 1999)(courts may use Uniform Commercial Code definition of conspicuous in determining whether document at issue is conspicuous), *affirmed*, 229 F.3d 1144, 2000 U.S.App. LEXIS® 19953, 2000 WESTLAW®1144601 (4th Cir., August 14, 2000)(discussing what constitutes "conspicuous" under the Uniform

Commercial Code); and Jones v. General Electric Co., 331 S.C. 351, 362, 503 S.E.2d 173, 179, 1998 S.C.App. LEXIS® 69 (S.C.Ct.App. 1998)("Therefore, we must look to other areas of the law for a meaningful definition" of conspicuous because the Supreme Court of South Carolina "did not define conspicuous"), which is cited by the Honorable Patrick Michael Duffy, United States District Judge, in Taliaferro, supra. In Jones v. General Electric Co., the Court of Appeals of South Carolina relied on South Carolina's version of the Uniform Commercial Code, which indicated that a term or clause is conspicuous when it is printed in capital letters, is in larger type, or is in contrasting type or color. 503 S.E.2d at 179-180.

# Recommendation

In light of the fact that the plaintiffs were apprised of the 120-day rule for service of process in the order filed in these two cases on January 4, 2005, and have not responded to the order of January 4, 2005, **I recommend that the District**

7

Court dismiss the two above-captioned cases *without prejudice* for failure of service. The plaintiffs' attention is directed to the notice on the next page.

Respectfully submitted,

Charleston, South Carolina

April 5, 2005

George C. Kosko
United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6.    A magistrate judge makes only a recommendation, and the authority to make a final determination in these two cases rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.    **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").    **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

9